TEODORO AGUILAR, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1076. Submitted October 21, 1940.—Decided November 12, 1940.

*H. Torres Solá* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Relying on section 388–A of the Mortgage Law, the appellant in his capacity as owner of a certain urban property, located within the territorial district of the Registry of Property of San Juan, First Section, presented on August 20, 1940, to the proper registrar a sworn petition for the cancellation, among other liens burdening said property, of two notices of *lis pendens,* entered the first on August 7,

1904, and the second on February 9, 1919, as more than four years had elapsed since the date of the entry in each case, without there being any record in the registry for the extension of said notices.

The registrar denied such cancellation on the ground that the entries had been made under section 91 of the Code of Civil Procedure and no judicial order had been presented decreeing their cancellation, in accordance with the holding of this court in the case of *Fernández* v. *Registrar*, 52 P.R.R. 344.

██ In the appeal taken from that decision of the registrar, the appellant cites the case of *Morales* v. *Registrar*, 40 P.R.R. 230, and section 388–A of the above-mentioned act, which in its pertinent part reads thus:

"Article 388–A.—On application of a party, authenticated before a notary, the registrars of property shall proceed to cancel in the respective register:

" *   *   *   *   *   *   *   *

"(*b*) Entries of attachment, prohibitions to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of the court where such cases are pending. If, when this Act takes effect, said term shall have wholly expired or only one (1) year or less thereof remains to run, the party interested in the entry shall have one (1) year from the time this Act takes effect to obtain from a competent court an extension of such entry."

In *Morales* v. *Registrar, supra,* the same question now before us was extensively argued on the occasion of the refusal by the Registrar of Property of Caguas to cancel a notice of *lis pendens* which had been entered in accordance with section 91 of the Code of Civil Procedure. The registrar maintained that what Act No. 12 of August 29, 1923, (Session Laws, (2) p. 36), then in force, which in its pertinent part was identical with subdivision (*b*) of section 388–A of the act first above cited, authorized to be canceled upon a sworn application were the notices of *lis pendens* entered by virtue of judicial orders, and as the entry in-

volved had been made pursuant to section 91 of the Code of Civil Procedure, he must deny the cancellation sought.

In construing the statutory provisions above mentioned, this court, speaking through Mr. Chief Justice Del Toro, said:

"In Porto Rico *lis pendens* notices may be recorded according to either of two statutory methods—one authorized by the Mortgage Law, and the other by the Code of Civil Procedure. If the procedure prescribed in the Mortgage Law is followed, a judicial order becomes necessary. If that of the Code of Civil Procedure is elected, a petition by the interested party will be sufficient. *Velázquez* v. *Registrar*, 27 P.R.R. 250.

"There is no doubt that the purpose of the Legislature in enacting Act No. 12 of 1923 was broad and general in its scope, tending to free states from all sorts of existing unjustified liens so as to render it easier for the owners to contract with reference to their respective properties.

"Such being the case, why should that act be so construed as to limit its benefit to one class of cases, and thus ignore the intention of the Legislature with reference to the other class, that is, the *lis pendens* notices for which no judicial order is required.

"We think that the law can be interpreted so as to give independent recognition to each of the acts for which cancellation is provided. When the Legislature referred to the cancellation of *lis pendens* notices, knowing, as it was bound to know, that the record of such notices could be made, both by virtue of a judicial order as well as without it, it would not seem reasonable to conclude that it intended to limit the provisions of the statute to the former class of cases, which involve greater solemnity than the others."

Eight years afterward, on November 24, 1937, the registrar, now respondent, refused to cancel a notice of *lis pendens* which had been entered more than four years previously under section 91 of the Code of Civil Procedure, for failure to present a judicial order decreeing its cancellation, thus giving rise to the case of *Fernández* v. *Registrar, supra,* in which, after citing the pertinent portion of section 388–A of the Mortgage Law above transcribed, this court said:

"Among those who may request the entry of cautionary notices under subdivision one of Section 42 of the Mortgage Law is—'he who

brings an action to recover the ownership of real property or the constitution, declaration, modification or extinction of any real right.'

"By the terms of Section 43—

" 'In the case of subdivision 1 of the preceding section, a cautionary notice can not be entered except under an order of the court made on motion of a legitimate party and by virtue of a document sufficient therefor in the discretion of the court.'

"The 'attachments and prohibition to alienate' immediately preceding the word 'suits' are, of course, authorized by an order of court and without such an order cannot be obtained. Immediately following the word 'suit' come the words 'and all *other entries made by virtue of judicial orders.*' Construing the word 'suits'—or the more intelligible phrase of the Spanish text *'anotaciones de demanda'*—in the light of its context, the meaning must be limited, we think, to such cautionary notices of *lis pendens* as have been 'made by virtue of judicial orders.' No judicial order is required as a condition precedent to the filing of a notice of *lis pendens* under Section 91 of the Code Civil Procedure. A cautionary notice once filed under that section, remains in force during the pendency of the action.

"Our conclusion is that the registrars of property are not authorized by Section 388(*a*) of the Mortgage Law to cancel a notice of *lis pendens* after the expiration of four years from the date of the entry. Such a cancellation may be readily obtained, of course, whenever the suit is ended. Until then it must remain in force unless a cancellation thereof be ordered by the court."

There is no doubt that the case of *Fernández* v. *Registrar, supra,* is in manifest conflict with that of *Morales* v. *Registrar* previously decided. If the decision in the former case is correct, it overruled *sub silentio* the *Morales* case; but after a study of the reasoning set forth in each case, the conclusion is unavoidable that the latter case is the one which correctly interprets the law. If when the case of Fernández was argued the attention of the court had been called to the decision in the *Morales* case, there is no doubt that, due to the force of the reasoning in that decision, its doctrine would have prevailed. We have transcribed in full the reasoning contained in both cases, and the same speak for themselves, it being unnecessary to add anything to what was said in

*Morales* v. *Registrar.* The respondent registrar himself, who is precisely the one whose ruling gave rise to the case of *Fernández* v. *Registrar,* in the very brief memorandum which he has submitted in support of his decision in the present appeal, says:

"The instant case is rather a motion for reconsideration addressed to the Supreme Court than an appeal from the decision of the registrar.

"In truth the respondent registrar, before the decision of this Court of November 24, 1937 (*Fernández* v. *Registrar,* 52 P.R.R. 344), thought that the intention of the Legislature was to permit the cancellation by prescription of any notice of *lis pendens* entered on the registry of property.

"But since the date above stated, this officer is bound to act in accordance with said decision, in which a grammatical and correct interpretation is given to section 388–A of the Mortgage Law." (Parenthetical matter added.)

A grammatical interpretation—even assuming the one adopted in the *Fernández* case to have been correct—should never prevail where its application would tend to defeat the purpose of the lawmaker in enacting the statute. As the law we are now construing is a remedial statute, it must be liberally construed. "Think things instead of words," counseled Mr. Justice Holmes, and that was done in deciding the *Morales* case. The legislative purpose was determined and, in accordance with the same, such an interpretation of the law was adopted as was most in harmony with the intention of the legislator, and it was held that the phrase "and all others made by virtue of judicial orders" does not at all qualify or restrict the meaning of the words "entries of attachments, prohibition to alienate, suits . . . ."; on the contrary, what the lawmaker intended in adding said phrase was to broaden the remedy which the law under discussion gives to those owners whose estates appear in some way to be burdened with charges, entries, or notices, which in point of fact do not exist but which constitute an obstacle to the making of contracts and are therefore prejudicial to the landed cre-

dits. Fearing that the authority granted to the registrar to make such cancellation might be construed as limited to the records or entries specifically mentioned, the legislator added the said phrase, thus dispelling any doubt that might exist with reference to the proper construction of said act.

In the case of *Calderón* v. *Registrar,* 54 P.R.R. 13, in which the opinion was delivered by the writer of the present one, the Registrar of Property of San Juan, Second Section, refused to cancel a notice of *lis pendens* which had to be entered in 1900 by virtue of a judicial order, on the ground that the cancellation was sought by means of a sworn petition, whereas, according to him, such cancellation should be made by a judicial order, and he erroneously invoked the case of *Fernández* v. *Registrar, supra.* Contrary to the contention of the registrar, it had been held in that case that the notices of *lis pendens* entered by virtue of judicial orders could be canceled upon a sworn petition, but that it was otherwise as to *lis pendens* notices entered in accordance with section 91 of the Code of Civil Procedure, for the cancellation of which an order of court was required. As the notice of *lis pendens* sought to be canceled in the *Calderón* case had been entered by virtue of a judicial order, we said then that it was precisely for the reason set forth in the case cited by the registrar that the cancellation denied by him should be made. It was not then necessary, as it is now, to overrule the *Fernández* case in order to decide correctly the approval involved.

The necessity now arises to revise a previous decision and we do so, holding, for the reasons stated, that the case of *Fernández* v. *Registrar* should be considered as expressly overruled, and that, the doctrine laid down in the case of *Morales* v. *Registrar* being then applicable to the instant case, the decision appealed from must be reversed and the cancellation of the above-mentioned entries ordered.